UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24966-CIV-COOKE/O'SULLIVAN

MICHAEL GRECCO
PRODUCTIONS, INC.,

    Plaintiff,

v.

SOFFERSAPP LLC, and
ROBERT M. SAPP,

    Defendants,

and

WOW MARKETING, CORP.,

    Garnishee.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiff's Ex Parte Motion for Continuing Writ of Garnishment Against Salary or Wages (DE# 46, 4/28/21) (hereinafter "Motion").

## BACKGROUND

On November 8, 2017, the Court entered a final default judgment in favor of the plaintiff, Michael Grecco Productions, Inc., and against the defendants, SofferSapp, LLC and Robert M. Sapp in the amount of $300,000 in statutory damages and $18,938.74 in fees and costs. See Order Granting Plaintiff's Motion for Entry of Default Judgment Against Defendant Soffersapp LLC and Adopting Report and Recommendations (DE# 41 at 3, 11/8/17).

## **ANALYSIS**

Rule 69 of the Federal Rules of Civil Procedure states that "[t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or execution-- must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a). Garnishment proceedings in Florida are governed by Chapter 77 of the Florida Statutes. Section 77.01 states that "[e]very person or entity who has sued to recover a debt or has recovered judgment in any court against any person or entity has a right to a writ of garnishment . . . ." Fla. Stat. § 77.01.

To obtain a writ of garnishment after a judgment has been issued, "the plaintiff . . . shall file a motion (which shall not be verified or negative defendant's exemptions) stating the amount of the judgment. The motion may be filed and the writ issued either before or after the return of execution." Fla. Stat. § 77.03. Continuing writs of garnishment against salaries or wages are governed by section 77.0305. Section 77.0305 states that:

> Notwithstanding any other provision of this chapter, **if salary or wages are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor's employer which provides for the periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until the judgment is satisfied or until otherwise provided by court order**. . . . The court shall allow the judgment debtor's employer to collect up to $5 against the salary or wages of the judgment debtor to reimburse the employer for administrative costs for the first deduction from the judgment debtor's salary or wages and up to $2 for each deduction thereafter. The funds collected by the state under this section must be deposited in the Department of Financial Services Administrative Trust Fund for purposes of carrying out this section.

Fla. Stat. § 77.0305 (emphasis added).

The form of the writ of garnishment must comply with section 77.04, which states that:

> **The writ shall require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ stating whether the garnishee is indebted to the defendant at the time of the answer, or was indebted at the time of service of the writ**, plus up to 1 business day for the garnishee to act expeditiously on the writ, or at any time between such times; in what sum and what tangible or intangible personal property of defendant the garnishee has in his or her possession or control at the time of his or her answer, or had at the time of the service of the writ, or at any time between such times; and whether the garnishee knows of any other person indebted to defendant, or who may have any of the property of defendant in his or her possession or control. The writ shall state the amount named in plaintiff's motion. If the garnishee is a business entity, an authorized employee or agent of the entity may execute, file, and serve the answer on behalf of the entity.

Fla. Stat. § 77.04 (emphasis added). "Post-judgment writs of garnishment may be issued ex parte and without notice to the judgment debtor." Ainbinder v. Hingson, No. 8:18-MC-54-T-33JSS, 2018 WL 6605247, at *1 (M.D. Fla. July 23, 2018) (citation omitted).

The plaintiff seeks the issuance of a continuing writ of garnishment directed to Wow Marketing, Corp. See Motion at 1. The plaintiff asserts that "[s]ince entry of the judgment, no portion of it has been satisfied." Id. at 2. The plaintiff further asserts that it "has a good faith belief that Robert M. Sapp is employed by Garnishee, who pays a regular salary or wage to Robert M. Sapp which is subject to garnishment." Id. In addition to the Motion, the plaintiff has filed a proposed continuing writ of garnishment against salary or wages. See Plaintiff's Notice of Filing Proposed Continuing Writ of Garnishment Against Salary or Wages (DE# 47, 4/28/21).

The Court finds that the plaintiff is entitled to the issuance of a continuing writ of garnishment under the applicable provisions of Chapter 77.

## **CONCLUSION**

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiff's <u>Ex</u> <u>Parte</u> Motion for Continuing Writ of Garnishment Against Salary or Wages (DE# 46, 4/28/21) is **GRANTED** as follows:

1. The Clerk of the Court shall issue a continuing writ of garnishment to Wow Marketing, Corp., a copy of which is attached to this Order;

2. The continuing writ of garnishment issued by the Clerk of the Court shall be accompanied by copies of Plaintiff's <u>Ex</u> <u>Parte</u> Motion for Continuing Writ of Garnishment Against Salary or Wages (DE# 46, 4/28/21) and the Order Granting Plaintiff's Motion for Entry of Default Judgment Against Defendant Soffersapp LLC and Adopting Report and Recommendations (DE# 41, 11/8/17). The Clerk shall also attach to the writ the "Notice to Defendant" required by Section 77.041(1) of the Florida Statutes and

3. The plaintiff shall comply with Fla. Stat. § 77.041(2).

DONE AND ORDERED in Chambers at Miami, Florida, this  22nd  day of July, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE