UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-24966-CIV-COOKE/O'SULLIVAN

MICHAEL GRECCO
PRODUCTIONS, INC.,

    Plaintiff,

v.

SOFFERSAPP LLC, and
ROBERT M. SAPP,

    Defendants,

and

WOW MARKETING, CORP.,

    Garnishee.
_____/

## ORDER

THIS MATTER is before the Court on the Answer and Demand for Attorneys' Fees of Garnishee, WOW Marketing, Corp. (DE# 52, 8/10/21).

## BACKGROUND

On November 8, 2017, the Court entered a final default judgment in favor of the plaintiff, Michael Grecco Productions, Inc., and against the defendants, SofferSapp, LLC and Robert M. Sapp, in the amount of $300,000.00 in statutory damages and $18,938.74 in fees and costs. See Order Granting Plaintiff's Motion for Entry of Default Judgment Against Defendant Soffersapp LLC and Adopting Report and Recommendations (DE# 41 at 3, 11/8/17).

On July 22, 2021, the undersigned issued an Order granting the Plaintiff's <u>Ex Parte</u> Motion for Continuing Writ of Garnishment Against Salary or Wages (DE# 46, 4/28/21) and directing the Clerk of the Court to issue a continuing writ of garnishment to WOW Marketing, Corp. (hereinafter "WOW Marketing"). <u>See</u> Order (DE# 49, 7/22/21). On the same day, the Clerk of the Court issued a Continuing Writ of Garnishment Against Salary or Wages (DE# 50, 7/22/21) (hereinafter "Continuing Writ of Garnishment") directed to WOW Marketing. On August 2, 2021, the plaintiff provided Mr. Sapp with a copy of the Continuing Writ of Garnishment, among other documents. <u>See</u> Certificate of Service of Motion, Writ, and Notice of Garnishment (DE# 51, 8/2/21).

On August 10, 2021, WOW Marketing filed its Answer and Demand for Attorneys' Fees of Garnishee, WOW Marketing, Corp. (DE# 52, 8/10/21) (hereinafter "Answer"). The Answer stated that WOW Marketing was served with a copy of the Continuing Writ of Garnishment on July 29, 2021. Answer at ¶ 1. The Answer also stated that:

> 2.   At the time of service of the Writ, and at all times between service of the Writ and the Garnishee's Answer, **Garnishee was not indebted to Robert M. Sapp nor Soffersapp LLC**.
>
> 3.   At the time of service of the Writ, and at all times between service of the Writ and the Garnishee's Answer, **Garnishee was not in possession and control of tangible and intangible personal property of Robert M. Sapp nor Soffersapp, LLC**.
>
> 4.   **Robert M. Sapp is neither employed nor receives a regular salary or wage from Garnishee**.

Answer at ¶¶ 2-4 (emphasis added).[1] In paragraph 5 of the Answer, WOW Marketing

---

[1] With respect to these three allegations, the Plaintiff's Reply stated that "Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegation . . . ." <u>See</u> Plaintiff's Reply to Garnishee's Answer (DE# 54 at ¶¶ 2-4, 8/29/21).

demanded payment:

> Having fully answered the Writ of Garnishment served upon it, **Garnishee demands payment of its costs and expenses in connection with responding to the Writ of Garnishment, including a reasonable attorney's fee and costs** for responding to the Writ of Garnishment and all matter related thereto, pursuant to § 77.28, Florida Statutes.

Answer at ¶ 5 (emphasis added).[2] In the wherefore clause of its Answer, WOW Marketing stated as follows:

> WHEREFORE, Garnishee, WOW Marketing Corp., respectfully requests: (a) **payment of the statutory garnishment fee of $100.00 required to be deposited by Plaintiff into the registry of the court**, **in accordance with § 77.28, Florida Statutes**, to be made payable to Bell Rosquete Reyes Esteban, PLLC, and delivered to 999 Ponce de Leon Blvd., Suite 1120, Coral Gables, FL 33134; (b) **entry of a court order discharging Garnishee from any further obligations and liability in relation to the Writ of Garnishment, pursuant to § 77.061, Florida Statutes**; and (c) and all other relief this Court deems just and proper in favor of Garnishee.

Answer at 2 (emphasis added).

On August 29, 2021, the plaintiff filed Plaintiff's Reply to Garnishee's Answer (DE# 54, 8/29/21) (hereinafter "Plaintiff's Reply"). With respect to paragraphs 2 through 4 of the Answer, the plaintiff states that it "lacks knowledge or information sufficient to form a belief about the truth of the allegation . . . ." Plaintiff's Reply at ¶¶ 2-4. The plaintiff admits the remaining allegations of the Answer, paragraphs 1 and 5. Id. at ¶¶ 1, 5.

The certificate of service accompanying the Plaintiff's Reply states that a copy of the Plaintiff's Reply was mailed to judgment debtor Robert M. Sapp. See Plaintiff's Reply at 2. Additionally, the plaintiff has filed a separate certificate of service indicating

---

[2] In its Reply, the plaintiff admitted to paragraph 5 of the Answer. See Plaintiff's Reply to Garnishee's Answer (DE# 54 at ¶ 5, 8/29/21).

3

that it mailed a copy of WOW Marketing's Answer (DE# 52) to Mr. Sapp. See Certificate of Service of Garnishee's Answer and of Notice of Time to Dissolve (DE# 53, 8/11/21). The accompanying notice advised Mr. Sapp that he had 20 days from the day he was served with the Answer to move to dissolve the Continuing Writ of Garnishment. See Notice to Defendant of Time to Move to Dissolve Writ (DE# 53-2, 8/11/21). To date, Mr. Sapp has not responded to these filings or moved to dissolve the writ.

## ANALYSIS

Rule 69 of the Federal Rules of Civil Procedure states that "[t]he procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a). Garnishment proceedings in Florida are governed by Chapter 77 of the Florida Statutes. Branch Banking & Tr. Co. v. Crystal Ctr., LLC, No. 8:15-CV-1462-T-30AAS, 2018 WL 4829181, at *2 (M.D. Fla. Oct. 4, 2018).

**A.     The $100.00 Statutory Payment**

Pursuant to 77.28, Wow Marketing is entitled to $100.00 as payment of its attorney fee. Fla. Stat. § 77.28. However, to the extent that WOW Marketing is seeking the $100.00 statutory payment **from the registry of the Court**,[3] that request is **DENIED**. A party seeking a writ of garnishment is no longer required to deposit the $100.00 statutory payment in the Court's registry.

---

[3] As noted above, in the wherefore clause of its Answer, WOW Marketing stated, in part, that WOW Marketing was requesting "payment of the statutory garnishment fee of $100.00 **required to be deposited by Plaintiff into the registry of the court**, **in accordance with § 77.28, Florida Statutes** . . . ." Answer at 2 (emphasis added).

>The current version of section 77.28 of the garnishment statute states that:
>
>> Upon issuance of any writ of garnishment, **the party applying for it shall pay $100 to the garnishee on the garnishee's demand at any time after the service of the writ for the payment or part payment of his or her attorney fee which the garnishee expends or agrees to expend in obtaining representation in response to the writ**. On rendering final judgment, the court shall determine the garnishee's costs and expenses, including a reasonable attorney fee, and in the event of a judgment in favor of the plaintiff, the amount is subject to offset by the garnishee against the defendant whose property or debt owing is being garnished. In addition, the court shall tax the garnishee's costs and expenses as costs. The plaintiff may recover in this manner the sum advanced by him or her, and, if the amount allowed by the court is greater than the amount paid together with any offset, judgment for the garnishee shall be entered against the party against whom the costs are taxed for the deficiency.

Id. at § 77.28 (emphasis added).

On September 26, 2014, then Chief United States District Judge K. Michael Moore issued Administrative Order 2014-86.[4] The Administrative Order acknowledged that "[e]ffective July 1, 2014, Florida Statute section 77.28 was amended to require the party applying for a writ of garnishment to 'pay $100 to the garnishee' instead of into the registry of the Court." AO 2014-86. Consistent with the amendment to the garnishment statute, the Administrative Order provided, in part, that "any party applying for a writ of garnishment should no longer pay $100 into the Court registry and should instead make that payment to the garnishee, under the newly amended section 77.28, Florida Statutes." AO 2014-86.

Local Rule 67.1(c) also states, in part, that "[a] party applying for the issuance of a writ of garnishment shall pay the amount prescribed by applicable Florida law to the

---

[4] Administrative Orders are publicly available at https://web.flsd.uscourts.gov/default_ao.asp?file=adminorders/default_ao.asp.

garnishee. The payment is for the attorneys' fees of the garnishee." S.D. Fla. L.R. 67.1(c).

Thus, in accordance with Fla. Stat. § 77.28, AO 2014-86 and S.D. Fla. L.R. 67.1(c), supra, WOW Marketing is entitled to payment of the $100.00 statutory fee **from the plaintiff**.

**B.     WOW Marketing's Discharge of Further Obligations and Liability**

WOW Marketing also asks that the Court enter an "order discharging Garnishee from any further obligations and liability in relation to the Writ of Garnishment, pursuant to § 77.061, Florida Statutes." Answer at 2.

Section 77.061 states as follows:

> When any garnishee answers and plaintiff is not satisfied with the answer, he or she shall serve a reply within 20 days thereafter denying the allegations of the answer as he or she desires. On failure of plaintiff to file a reply, the answer shall be taken as true and **on proper disposition of the assets, if any are disclosed thereby, the garnishee is entitled to an order discharging him or her from further liability under the writ**.

Fla. Stat. § 77.061 (emphasis added).

In its Answer, WOW Marketing asserts that:

> 2.    At the time of service of the Writ, and at all times between service of the Writ and the Garnishee's Answer, **Garnishee was not indebted to Robert M. Sapp nor Soffersapp LLC**.
>
> 3.    At the time of service of the Writ, and at all times between service of the Writ and the Garnishee's Answer, **Garnishee was not in possession and control of tangible and intangible personal property of Robert M. Sapp nor Soffersapp, LLC**.
>
> 4.    **Robert M. Sapp is neither employed nor receives a regular salary or wage from Garnishee**.

Answer at ¶¶ 2-4 (emphasis added). With respect to these three allegations, the Plaintiff's Reply states that "Plaintiff lacks knowledge or information sufficient to form a

6

belief about the truth of the allegation . . . ." See Plaintiff's Reply at ¶¶ 2-4. The plaintiff admits the remaining allegations of the Answer, paragraphs 1 and 5. Id. at ¶¶ 1, 5.

As one Florida appellate court observed: "A judgment creditor who is not satisfied with the garnishee's answer may serve a reply denying the allegations of the answer (Section 77.061) **and demanding a jury trial on the issues made (Section 77.08)**." Robert C. Malt & Co. v. Colvin, 419 So. 2d 745, 747 (Fla. 5th DCA 1982) (emphasis added). That court went on to hold that where "the reply set forth facts which, if true, would make the garnishee liable for the amount of the . . . judgment, it [would be] error to dissolve the writ without a jury trial on the issues." Id.

In the instant case, the plaintiff has not denied any allegations in the Answer, but rather stated that it "lacks knowledge or information sufficient to form a belief about the truth of the allegation[s]" in paragraph 2 through 4. Plaintiff's Reply at ¶¶ 2-4. The plaintiff has not indicated that it is seeking post-judgment discovery or taking any other actions to verify the factual assertions made in paragraphs 2 through 4 of the Answer. The Plaintiff's Reply contains no demand for trial by jury on the factual allegations contained in the Answer.

Because there are no assets to dispose of and the plaintiff has not challenged the veracity of the allegations made in the Answer, the undersigned concludes that WOW Marketing "is entitled to an order discharging . . . [it] from further liability under the writ." Fla. Stat. § 77.061.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that WOW Marketing Corp.'s demand for

attorneys' fees (DE# 52, 8/10/21) is **GRANTED in part and DENIED in part**. The plaintiff shall issue a $100.00 statutory payment to Bell Rosquete Reyes Esteban, PLLC, 999 Ponce de Leon Blvd., Suite 1120, Coral Gables, FL 33134 in accordance with § 77.28, Florida Statutes. The plaintiff shall **promptly** file a notice of compliance with this Order. It is further

ORDERED AND ADJUDGED that WOW Marketing Corp. is discharged from any further obligations and liability under the Continuing Writ of Garnishment Against Salary or Wages (DE# 50, 7/22/21).

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of September, 2021.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE